

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

**AUG 18 2009**

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 07 B 03227 |
| AQP LIQUIDATING, INC., | ) | |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| | ) | Case No. 07 B 03228 |
| Q-RAY COMPANY, | ) | |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| | ) | Case No. 07 B 03217 |
| QUE T. PARK, | ) | |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO JENNER AND BLOCK, LLP, ATTORNEYS FOR THE TRUSTEE, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $222,730.50 | TOTAL COSTS REQUESTED: | $14,076.26 |
| TOTAL FEES REDUCED: | $0.00 | TOTAL COSTS REDUCED: | $5,545.16 |
| TOTAL FEES ALLOWED: | $222,730.50 | TOTAL COSTS ALLOWED: | $8,531.10 |

**TOTAL FEES AND COSTS ALLOWED: $231,261.60**

THE COURT HAS MARKED THE ATTACHED TIME AND EXPENSE ENTRIES THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART. THE BASIS FOR EACH DISALLOWANCE IS DISCLOSED BY THE NUMERICAL NOTATION THAT APPEARS ON THE LEFT SIDE OF EACH HIGHLIGHTED ENTRY. THE NUMERICAL NOTATIONS REFER TO THE ENUMERATED PARAGRAPHS BELOW.

1

(1)     **Overhead Costs are Non-Compensable**

The Court denies reimbursement for fees or expenses that are overhead costs. Expenses which are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)).

Dated: August 18, 2009

Eugene R. Wedoff
United States Bankruptcy Judge

2

consumed, and the skill required, the Firm requests that it be allowed at this time compensation for professional services rendered during the Fee Period in the sum of $222,730.50.

## ACTUAL AND NECESSARY EXPENSES

22. The Firm has disbursed, and requests reimbursement of, the following sums for:

| | |
|---|---|
| Court Reporter Charge | 990.70 |
| CREDIT - Westlaw Research | - 60.48 |
| Filing Fee | 4,200.00 |
| In-City Transportation | 36.00 |
| Lexis Research | 1,634.59 |
| Pacer Charges | 603.60 |
| Photocopy Expense | 2,553.08 |
| Postage Expense | 11.70 |
| Special Messenger Service | 79.40 |
| Special Search | 90.00 |
| UPS | 27.10 |
| Westlaw Research | 3,910.57 |
| TOTAL DISBURSEMENTS | 14,076.26 |

A more detailed list of these expenses is part of Exhibit A hereto.

23. It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

24. The Firm only charges for overseas or out of the country long distance telephone calls. It does not charge for facsimile transmissions.

25. Computer assisted legal research is used whenever the researcher determines that using Westlaw or Lexis Nexis is more cost effective than using traditional (non-computer assisted legal research) techniques. The Firm bills each client for the Lexis and Westlaw charges